IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ROSE MARIE PENA § § VS. § CIVIL ACTION NO. _____ § UNUM LIFE INSURANCE COMPANY § AKA UNUM § § § | |

PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The plaintiff, Rose Marie Pena, files this Complaint, and alleges:

1. The plaintiff Rose Marie Pena , is a resident of Texas, the Southern District, and is the beneficiary and/or policy holder of short term and/or long term disability insurance contract/policy, or plan with "UNUM Life Insurance Company Of America"; Doing Business As "UNUM"; hereafter referred to as "UNUM".  The plan administrator, and agent for service process is   MUY CONSULTING CORPORATION, 17890 Blanco Road, Ste 401; San Antonio Texas  78232  Tel (210) 408-2412

2. The Defendant is a business entity doing business in the Southern District of  Texas. UNUM is a business entity authorized to do business in the State of Texas.

3. The court has jurisdiction under 29 U.S.C. 1132 (a) (1) (B) for civil enforcement and under ERISA § 502.28.

4. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 139 (b) because the defendant's corporation(s) is/are subject to personal jurisdiction in the

Southern District of Texas and because a substantial part of the events or omissions of the plaintiff's claim occurred in Texas.

5. The standard of review is de novo and the decision of the Defendant is not entitled to deference because the denial was based upon a factual determination. Ariana v. Humana Health Plan of Texas Inc., 2018 U.S. App. Lexis 5227 *5, 2018 W.L 1096980 (March 1, 2018)

6. The plaintiff was a resident of the Southern District of Texas, when she contracted with, UNUM for a short term and long term disability plan.

7. The plaintiff was employed as a General Manager of a PIZZA HUT. The Plaintiff alleged a date of disability of 3/30/16 due to brain tumor/acoustic neuroma ; scoliosis of the spine; L4/L5 - L5/S1 herniation with radiculopathy.

8. The claimant received a denial on September 2, 2016 from UNUM stating that she was able to perform the duties of her occupation and that she is not disabled. The letter states that she is able to perform the duties of her occupation as of March 30, 2016 and ongoing.

9. The Plaintiff, through counsel, requested the claim file on September 20, 2016 by letter dated September 16, 2016. The letter was not included in the claim file which the Plaintiff received on September 28, 2016. The plaintiff requests that the Plaintiff' September 20, 2016 letter and all correspondence between UNUM and the Plaintiff's counsel be included in the claim file. This letter established that various documents that the Plaintiff requested were not forwarded to the Plaintiff.

10. The Plaintiff appealed UNUM's denial of long term disability benefits by letter dated February 20, 2017. The Plaintiff's appeal stated that Ms. Pena's occupation of "general manager", according to the "vocational department" requires "constant

standing."  UNUM  stated in their denial that they  are unable to identify any restrictions or limitations as of March 30, 2016 that would prevent Ms. Pena from occasional exertion of up to 20 lbs., occasional sitting, walking, reaching at or above shoulder height, stooping, kneeling, crouching, fingering, keyboard use and constant standing. (P.4)   That UNUM requested Dr. Chodish's opinion on April 25, 2016 and June 8, 2016 and UNUM did not accept the opinion for unspecified reasons.  That had UNUM  accepted the opinion of treating and examining Doctor, Ms. Pena would have been found to be disabled.  Instead UNUM had the opinion examined by an internal doctor, Dr. Leveritt, D.O. who was not qualified to make the decision.   The D.O., Dr. Leveritt,  did not agree with the treating and examining doctor's opinion.

11. The plaintiff asserted, in the letter dated February 20, 2016, before the change in Fifth Circuit decision in Ariana,  that  the opinion of the D.O. Stephen Leverett is not contained in the claim file, that the Plaintiff received, despite the request by letter for "any and all expert reports" and is instead paraphrased.  Also, the claimant alleged:
    1) The qualification and curriculum vitae of Stephen Leverett, D.O. is not contained within the claim file;
    2) Dr. Leverett's opinion that Ms. Pena can "constantly stand" is not supported by the record, nor by medically acceptable clinical standard or diagnostic techniques nor is it rationally based upon human perception:
        a) Mild diffuse disc bulge at L4-L5 and L5-S1 by MRI on 1/12/16;
        b) Mild degenerative changes at L5/S1 on 3/18/16;
        c) A diagnosis of mild scoliosis, mild facet disease at L4-L5, L5-S1;
    3) The expert did not make an independent residual functional capacity assessment of Ms. Pena, but instead answered a leading question from the carrier UNUM as to what the claimant's RFC consists of.
    4) The financial relationship and professional relationship of Dr. Leverett is not specified to determine their objectivity and neutrality in giving an opinion or testimony.

5) The entire decision is based solely upon the opinion of a D.O. who UNUM retained without specifying their professional relationship consulting arrangement, etc.

6) Dr. Leverett's opinion is inadmissible under the standards of *Daubert v. Merrell Dow* and or the *Daubert v. Merrell Dow* standards indicate that Dr. Leverett's opinion has so little merit and/or support that it has little to no veracity: The expert's testimony is not "scientific . . . knowledge" as it is not ground in the methods and procedures of science, and it is not knowledge because it is not a body of known facts or to any body of ideas inferred from such facts or accepted as truths on good grounds -

a. The testimony does not qualify as "scientific knowledge," because the inference or assertion was not derived by the scientific method.
b. Not sufficiently tied to the facts of the case that it will aid the jury or fact finder in resolving a factual dispute
c. The relaxation of the usual requirement of firsthand knowledge - a rule which represents "a `most pervasive manifestation' of the common law insistence upon `the most reliable sources of information,'" is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline.
d. There is no preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid, and of whether that reasoning or methodology properly can be applied to the facts in issue.
e. There is no testimony that the theory or technique can be tested or has been tested.
f. The theory or technique has been subjected to peer review and publication.
g. No testimony or facts for the court to consider: the court ordinarily should consider the known or potential rate of error;
h. No testimony about the existence and maintenance of standards controlling the technique's operation,
i. No testimony that the theory or technique has "general acceptance" in the scientific community.

    j.  No testimony that the expert opinions are based on facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."
    k.  The probative value of the experts testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury
    l.  The expert's testimony does not rest on a reliable foundation and is not relevant to the task at hand.

12. The Defendant mischaracterizes the Defendant's occupation as "General Manager", in their denials dated September 2, 2016 and March 31, 2016 wherein the Defendant is a "general restaurant manager" under the Dictionary of Occupational Titles, but under the paraphrased vocational analysis used by the vocational expert is "restaurant manager". The Plaintiff's counsel cannot find the DOT Code referred to by the VE in the claim file, that is 187.167-201 and it appears to be a typographical error or malfeasance by the vocational expert. The occupation of restaurant manager, appears to be included under DOT Code 187.167-106. Therefore, there was never a proper finding whether or not the Plaintiff could perform her previous occupation as a "restaurant manager" in the decision by UNUM, nor any discussion regrding whether or not she could perform the position of "general manager" in the claim file, or the March 20, 2017 decision, or in . the September 2, 2016 final decision.

13. "Regular Occupation" according to the plan means the occupation the claimant is "routinely performing" when the disability begins. The vocational expert lists the occupation as "general restaurant manager" in the claim file with such names as "restaurant manager", or "Cafeteria Manager" but nothing as "general manager." UNUM's decision that the Plaintiff could perform her former occupation of "general

manager" is not supported by the record because there is nothing of record that she was ever a "general manager.

14. There is no vocational evidence in the claim file that the plaintiff could perform the occupation of "general manager", because there is nothing in the claim file or in the skills to be a "general manager", or that the occupation of general manager appears to exist.

15. 29 CFR Part 2560.503-1 states that that the plan must ensure that all claims and appeals for disability benefits must be adjudicated in a manner designed to ensure the impartiality of the persons involved in making the decision; and this includes the use of medical experts and vocational experts.  29 CFR Part 2560.503-1(b)(7).

16. 29 CFR Part 2560.503-1(g)(vii)(A)(i) states that a discussion of the decision should include the views presented by the claimant to the plan of health care professional who evaluated the claimant.  29 CFR Part 2560.503-1(g)(vii)(A)(i)

17. The Plaintiff asserts that the Plaintiff could not perform her prior occupation for one, or more of the following reasons, or that the decision was improper because:  1) The claimant could not perform her previous occupation; 2) There was never a determination that she could not perform her previous occupation as restaurant manager because the Defendant made the determination that she was a "general manager" instead of a restaurant manager; 3) The vocational expert is employed by the Defendant;  4) The Doctor the Defendant utilized, Dr. Leverett is a D.O., and does not have the qualifications, nor knowledge, of the treating and examining Doctors and was retained by the Defendant;  29 CFR Part 2560.503-1(g)(vii)(A)(i)  states that a discussion of the decision should include the views presented by the claimant to the

plan of health care professional who evaluated the claimant.  29 CFR Part 2560.503-1(g)(vii)(A)(i);   5)   The two denials did not include the discussion of the views presented by the Plaintiff to the health care professional who evaluated the Plaintiff.

18. The sole discussion of the views presented by the Plaintiff and claimant contained in the March 31, 2017 final decision  consists of the statements that "The appeal medical review considered Mrs. Pena has reported symptoms, medical condition, and their impact on her functional ability."  The  discussion of the decision in the previous denial dated September 2, 2016 9/2/16 did not  include any discussion of  the views presented by the claimant to the plan to the  health care professional who evaluated the claimant.  29 CFR Part 2560.503-1(g)(vii)(A)(i)

19. The Defendant mischaracterized the Plaintiff   as a "General Manager" in their September 2, 2016 decision, instead of "restaurant manager, casual dining"  as referred to by Deede, DeLay, Ph. D.  their own expert.   In addition, there was no finding whether or not the Plaintiff could perform the duties of any gainful occupation.  Deede DeLay, is a Senior vocational rehabilitations Specialist at UNUM. https://www.linkedin.com/in/deede-delay-95917111/.  This vocational experts name was never provided to the Plaintiff in any correspondence, despite the representation in the plan under "Appeals Procedure" that their name would be provide the claimant with the names of such experts.  Deede, DeLay, Ph. D was an in house expert and not a consultative expert and her opinion is compromised by nature of her employment.  The fact that the vocational expert was an employee of the Defendant was not stated by the Defendant in any correspondence.

20. The Defendant did not provide the materials requested by the Plaintiff on September 20, 2016.  These materials include the vocational expert report and the qualifications of the vocational expert.   Neither were documents provided regarding the "Rehabilitation and Return to Work Assistance Program" nor a final determination made as indicated that it would be in the plan.   The Plaintiff is entitled to up to $110.00 a day until they receive the materials.  The opinion of the D.O. Stephen Leverett is not contained in the claim file, that the Plaintiff received, despite the request by letter for "any and all expert reports" and is instead paraphrased.

21. The claimant asserts that the failure to follow the laws constitutes abuse of discretion.

## **CLAIM FOR RELIEF**

The Plaintiff prays for one, or more, of the following:

1) Long Term Disability benefits;

2) Attorneys fees;

3) Costs of Court; ;

4) General damages to plaintiff for breach of fiduciary duty and misrepresentation under ERISA in a sum to be determine at the time of trial;

5) For such other equitable relief to redress violations of ERISA or to enforce any provision of ERISA, pursuant to 29 U.S.C. § 1132 (a) (3);

6) The Plaintiff is entitled to up to $110.00 a day until the requested material are received.

7) All relief the court deems proper and just.

Respectfully submitted,

By: /s/ Mark A. Di Carlo
Mark A. Di Carlo
Attorney at Law
La Solana Building
722 Elizabeth Street
Corpus Christi, Texas 78404
(361) 888-6968
FAX (361) 887-6410
SBN: 05812510

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above-entitled and numbered complaint has been electronically filed the <u>7th</u> day of March 2019 to the following:

United States District Clerk
U.S. Courthouse 1133 N. Shoreline Blvd.
Corpus Christi, Texas 78401
E-File

                                              Respectfully submitted,

By: <u>/s/ Mark A. Di Carlo</u>
Mark A. Di Carlo
Attorney at Law
La Solana Building
722 Elizabeth St.
Corpus Christi, TX 78404
(361) 888-6968
FAX (361) 887-6410
SBN: 05812510
FBN: 6839
ATTORNEY FOR PLAINTIFF